## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FRANKLIN B. REYES,** | : | |
| **Petitioner,** | : | **Civil Action No. 06-0136 (ESH)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HECTOR RIOS, WARDEN,** | : | |
| **Respondent.** | : | |

### UNITED STATES' OPPOSITION TO PETITIONER'S PETITION
### UNDER 28 U.S.C. § 2254 AND/OR 28 U.S.C. § 2255

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby respectfully submits its Opposition to petitioner's Petition under

28 U.S.C. § 2254 and/or 28 U.S.C. § 2255.  As explained more fully below, petitioner's petition

should be summarily dismissed because: (1) he has not shown that his local remedies are

inadequate or ineffective and hence he is barred from bringing his habeas petition in this Court;

and (2) even if he were not barred, his petition is untimely and therefore time-barred.[1]

### PROCEDURAL HISTORY

On September 9, 1995, a man named Kilmer Sorto was shot and killed in the District of

Columbia.  Petitioner and former codefendants Carlos Alonzo and Douglas Argueta were

thereafter arrested.  On February 21, 1996, a three-count indictment was filed in D.C. Superior

Court case number F-8048-95 charging the three with first degree murder while armed (D.C.

Code §§ 22-2101, -4502); possession of a firearm during a crime of violence ("PFCV") (D.C.

---

[1]    We note at the outset that petitioner may not proceed via 28 U.S.C. § 2255 because he is not a federal prisoner.  He is thus limited to § 2254, which applies to state prisoners.

Code § 22-4504(b)); and carrying a pistol without a license (D.C. Code § 22-4504(a)).[2]  The

Honorable Truman A. Morrison, III, presided over the trial.  On October 28, 1996, the jury

convicted petitioner and codefendant Alonzo of first degree murder while armed (premeditated)

and PFCV, and acquitted codefendant Argueta.  On January 17, 1997, Judge Morrison sentenced

petitioner to concurrent terms of incarceration of 30 years to life for murder and 5 to 15 years for

PFCV.

## Petitioner's Direct Appeal

Petitioner noted a timely appeal and on appeal was represented by different counsel than

at trial.  Petitioner claimed that: (1) the trial court should have severed his case because he and a

codefendant had irreconcilable defenses; (2) the trial court erred in not instructing the jury that

petitioner could not be found guilty of murder if he withdrew from the plan to kill the victim; (3)

the jury's verdict might not have been unanimous; and (4) the trial court abused its discretion in

not giving a child witness instruction concerning one government witness.  On June 25, 1999, in

a Memorandum Opinion and Judgment ("MOJ"), the D.C. Court of Appeals affirmed

petitioner's convictions.  Petitioner did not file a petition for writ of certiorari.

## Petitioner's Collateral Attack under D.C. Code § 23-110

On July 30, 2001, petitioner - through new counsel - filed a Motion to Vacate

Convictions and for a New Trial Pursuant to D.C. Code § 23-110 ("§ 23-110 motion").  In that

motion, he asserted that his trial counsel was ineffective because she failed to uncover and

present a purportedly exculpatory defense witness and because counsel did not draft and present

---

[2]        Citations are to the 2001 version of the D.C. Code.

to the jury an instruction regarding petitioner's ostensible withdrawal from the plot to kill the victim.

On or about February 11, 2002, the Honorable Harold Cushenberry, Jr., of the D.C. Superior Court summarily denied petitioner's § 23-110 motion.  Judge Cushenberry held that petitioner had not established "cause" for his failure to raise on direct appeal the claim that his trial counsel was ineffective for not presenting the exculpatory defense witness.[3]  The trial court also held that, pursuant to Strickland v. Washington, 466 U.S. 668 (1984), petitioner had not established "deficiency" or "prejudice" regarding trial counsel's failure to draft and present to the jury an instruction about petitioner's purported withdrawal from the murder plot.  Petitioner thereafter filed a Motion for Reconsideration in which he argued, among other things, that his appellate counsel had incorrectly advised him not to pursue the ineffectiveness claims on appeal and that this advice constituted "cause" to excuse petitioner's failure to raise these claims on appeal.  Exh. A.  On or about September 6, 2002, Judge Cushenberry rejected this argument (and petitioner's other arguments) and summarily denied the Motion for Reconsideration.  Exh. B.

_____

[3]       Just as a federal defendant must raise an available challenge to his conviction on direct appeal rather than on collateral attack, see, e.g., Frady v. United States, 456 U.S. 152, 167 (1982), "[w]here a [D.C. prisoner] has failed to raise an available challenge to his conviction on direct appeal, he may not raise that issue on collateral attack [under § 23-110] unless he shows both cause for his failure to do so and prejudice as a result of his failure."  Head v. United States, 489 A.2d 450, 451 (D.C. 1985).  However, unlike a federal defendant, a D.C. defendant must raise an ineffective assistance claim during the pendency of his direct appeal, rather than in a subsequent § 23-110 motion, unless he can show "cause and prejudice" resulting from his failure to do so.  See, e.g., Washington v. United States, 834 A.2d 899, 902-03 (D.C. 2003).  Compare Massaro v. United States, 538 U.S. 500, 504 (2003) (a federal defendant may raise an ineffective assistance of counsel claim after his direct appeal concludes "whether or not the [defendant] could have raised the claim on direct appeal").

<u>**Petitioner's Appeal of the Summary Denial of His § 23-110 Motion**</u>

On January 25, 2005, in an MOJ, the D.C. Court of Appeals upheld the summary denial of petitioner's § 23-110 motion.  In doing so, the Court of Appeals noted petitioner's claim that appellate counsel advised him not to pursue his ineffectiveness claims on direct appeal; assumed <u>arguendo</u> that if petitioner were so advised, "the trial court erred in concluding that [petitioner] failed to establish good cause for his failure to raise an ineffective assistance of counsel claim during the pendency of his direct appeal"; further assumed <u>arguendo</u> that petitioner could show prejudice resulting from the failure to raise his ineffectiveness claims on direct appeal; and went on to address and reject petitioner's ineffective assistance claims on their merits.

**Petitioner's Current Collateral Attack**

On or about January 25, 2006, petitioner - again represented by new counsel - filed the instant petition.  He states that he has "exhausted all ... remedies available to him in the District of Columbia 'State' Court System."  Pet.'s Memo. of Law, at 3.  His petition advances two claims: (1) his trial counsel was ineffective for not drafting and presenting to the jury an instruction regarding petitioner's purported withdrawal from the plot to kill the victim; and (2) his appellate counsel was ineffective for advising him not to raise on appeal the ineffectiveness claim regarding his trial counsel.

<u>**ARGUMENT**</u>

Petitioner is in custody pursuant to a sentence imposed by the D.C. Superior Court.  He has exhausted his local remedies.  He seeks federal habeas relief and asks this Court to review the validity of his D.C. Superior Court convictions.  However, petitioner has not alleged, much less shown, that his local remedies are inadequate or ineffective.  Therefore, he is barred from

seeking habeas relief in this Court.  Moreover, even if the Court concludes that petitioner has

shown that his local remedies are inadequate or ineffective, his petition nonetheless should be

summarily dismissed because it is time-barred.

I.    **Petitioner Has Not Shown That His Local Remedies Are Inadequate or Ineffective and Hence, This Court May Not Assess the Merits of His Habeas Petition**

    A.    **D.C. Code § 23-110**

D.C. Code § 23-110 establishes "a procedure for collateral review of convictions in the

[D.C.] Superior Court; the procedure is comparable to that authorized by 28 U.S.C. § 2255 for

the United States district courts."  Swain v. Pressley, 430 U.S. 372, 375 (1977).  Thus, "a

prisoner under a sentence imposed by the Superior Court of the . . . District of Columbia may

collaterally challenge the constitutionality of his conviction" by moving in Superior Court under

D.C. Code § 23-110.  Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir. 1986); see also Byrd v.

Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("a District of Columbia prisoner seeking to

collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court

– pursuant to D.C. Code § 23-110").  If unsuccessful under § 23-110, the prisoner may pursue an

appeal in the D.C. Court of Appeals.  Garris, 794 F.2d at 725.

D.C. Code § 23-110(g) sets forth the relationship between local remedies and federal

habeas review that must be followed by this Court.  Section 23-110(g) states:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section shall not be
> entertained by the Superior Court or by any Federal or State court if it appears
> that the applicant has failed to make a motion for relief under this section or that
> the Superior Court has denied him relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g) (emphasis added).

Section 23-110(g) is an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court. . . ." Swain, 430 U.S. at 377. Thus, a district court may consider a Superior Court prisoner's habeas petition only if the petitioner has shown that his local remedy was "inadequate or ineffective to test the legality of [the applicant's] detention." Id. at 381 (bracketed language in original). In sum, "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy" is inadequate or ineffective. Garris, 794 F.2d at 726; see also Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (federal courts lack jurisdiction "to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective'"); Perkins v. Henderson, 881 F. Supp. 55, 57 (D.D.C. 1995) (noting that due to the District of Columbia's "unique status," "federal post-conviction review of District of Columbia Superior Court criminal convictions" generally is precluded).

"[T]he language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255." Swain, 430 U.S. at 377. Hence, the standard for determining whether the remedy afforded by § 23-110 is inadequate or ineffective mirrors the standard applied in the analogous § 2255 context. Garris, 794 F.2d at 726.

### B. Petitioner's Local Remedies Are Not Inadequate or Ineffective

Petitioner claims in part that his trial counsel was ineffective because she failed to draft and present to the jury an instruction regarding petitioner's ostensible withdrawal from the plot to kill the victim. This is the same claim that he raised in his § 23-110 motion, that Judge Cushenberry held was procedurally barred, and that the D.C. Court of Appeals considered and

rejected on its merits.  Petitioner has not shown (or even alleged ) that his remedy under § 23-110 was inadequate or ineffective.  Moreover, it is clear that petitioner could not make such a showing.  At most, petitioner could argue that he was unsuccessful in raising this claim in his § 23-110 motion.  But a D.C. prisoner's lack of success under § 23-110, like a federal prisoner's lack of success under § 2255, does not necessarily demonstrate the inadequacy or ineffectiveness of the remedy.  See Swain, 430 U.S. at 377 n.8, 38–84 (local remedy not ineffective where, among other things, the D.C. Superior Court denied petitioner's motion for new trial based on ineffective assistance of counsel and appellate court upheld the denial); Garris, 794 F.2d at 727 (holding that in the § 23-110 context, "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative"); see also Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) ("[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful Section 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy"); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied"); Boyer v. Conaboy, 983 F. Supp. 4, 8 (D.D.C. 1997) ("[a] petitioner may not complain that the remedies provided him by [§ 2255] are inadequate merely because he was unsuccessful when he invoked them" (quotation marks and citation omitted)).

Hence, because "petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them,"

Perkins, 881 F. Supp. at 59 n.5, petitioner is barred from seeking federal habeas relief insofar as

his ineffectiveness claim about trial counsel is concerned.[4]

Petitioner also claims in his petition that his appellate counsel was ineffective for

advising him not to raise on direct appeal his ineffectiveness claim regarding his trial counsel.

Although a Superior Court prisoner, such as petitioner, may not challenge the representation of

his appellate counsel via D.C. Code § 23-110, there is an alternative method for Superior Court

prisoners to challenge the effectiveness of their appellate counsel. "[T]he issue of ineffective

assistance of appellate counsel can only be litigated through the filing of a motion to recall the

mandate" in the D.C. Court of Appeals. Mayfield v. United States, 659 A.2d 1249, 1252 (D.C.

1995) (citing Watson v. United States, 536 U.S. 1056, 1060 (D.C. 1987) (en banc)).

To seek such a remedy, the movant files a motion to recall the mandate in his direct

appeal under D.C. Rule of Appellate Procedure 41(f). Watson, 536 A.2d at 1059-60.[5] The D.C.

Court of Appeals then examines the motion and, if the motion has "on [its] face sufficient merit,"

the court will recall the mandate and reopen the appeal "in order to fully explore and then decide

---

[4]    As noted above, the D.C. Court of Appeals rejected on the merits petitioner's
ineffectiveness claim about his trial counsel. However, even if this claim had been denied as
procedurally barred, rather than denied on its merits, petitioner's remedy under § 23-110 would
not be inadequate or ineffective. In the analogous § 2255 context, a federal prisoner's remedy
under § 2255 is inadequate only if it denies "'a convicted defendant any opportunity for judicial
rectification of so fundamental a defect in his conviction as having been imprisoned for a non-
existent offense.'" In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting In re Davenport, 147
F.3d 605, 611 (7th Cir. 1998)) (emphasis in original). Here, petitioner has not alleged that he
was convicted of a non-existent offense or that the limitations contained in § 23-110 prevented
him from challenging his convictions for that offense and thus, he has not established that § 23-
110 provided an inadequate or ineffective remedy.

[5]    The provision for recalling the mandate at the time of Watson was codified in
Rule 41(c), but is currently located in Rule 41(f). Under both versions, the motion to recall the
mandate must be filed within 180 days of the issuance of the mandate.

whether there was ineffective assistance of counsel on the first appeal." Id. at 1060-61.  The

movant carries a "heavy initial burden" to "set forth in detail a persuasive case for recall of the

mandate[,]" and the court "will be looking for more factual support than argument." Id. at 1060.

If the appellate court determines that resolution of the motion requires a determination of a

"material factual issue," the record "may be remanded to the trial court under appropriate

instructions and time constraints for a hearing and factual findings, with [the Court of Appeals]

retaining jurisdiction pending the trial court's findings and return of the record." Id. at 1061.

        Appellate counsel's performance is evaluated under the same two-prong test established

in Strickland v. Washington, 466 U.S. 668 (1984), and used by courts to evaluate ineffectiveness

claims at other points in the criminal proceedings; that is, in order to establish that his appellate

counsel was ineffective, a movant must show that his "attorney's performance 'fell below an

objective standard of reasonableness[]'", and that "'counsel's conduct so undermined the proper

functioning of the adversarial process that the [proceeding] cannot be relied upon as having

produced a just result.'" Watson, 536 A.2d at 1065 (quoting Strickland, 466 U.S. at 688, 686).

If the movant is dissatisfied with the initial decision of the court, he may seek a rehearing or

rehearing en banc, and/or petition the Supreme Court for a writ of certiorari. See D.C. App. R.

40(a)(1) ("Unless the time is shortened or extended by order, a petition for rehearing by the

division may be filed within 14 days after entry of judgment."); D.C. App. R. 35(b) ("A party

may petition for a hearing or rehearing en banc."); 28 U.S.C. § 1257(b) (treating the D.C. Court

of Appeals as the "highest court of a state" for purposes of Supreme Court review by certiorari).

        Here, petitioner did not file a motion to recall the mandate in order to challenge the

effectiveness of his appellate counsel.  Nonetheless, this local remedy was available to him and

he does not claim that such a remedy was inadequate or ineffective.  Moreover, any such claim

would have been unpersuasive.  See Collier v. United States, No. 99-5120, 1999 WL 1336229, at

*1 (D.C. Cir. Dec. 15, 1999) (denying petitioner a certificate of appealability under 28 U.S.C. §

2253(c)(2), because petitioner did not establish that the procedure of filing a motion to recall the

mandate was an inadequate or ineffective remedy to address petitioner's claim of ineffective

assistance of appellate counsel); Shannon v. Smith, No. 4:CV-04-1051, at 6-7 (M.D. Penn. Aug.

18, 2005) (holding that, where D.C. Superior Court prisoner unsuccessfully filed motion to recall

the mandate to challenge the effectiveness of his appellate counsel and then filed for federal

habeas relief, "the availability of a motion to recall the mandate forecloses [petitioner] from

pursuing federal habeas relief") (copy attached as Exhibit C).  Therefore, petitioner is barred

from seeking federal habeas relief insofar as he claims that appellate counsel was ineffective.

## II.     **The Petition Is Time-Barred**

        Even if petitioner were not barred from raising his claims via a habeas petition in this

Court, his petition nonetheless should be dismissed because it is time-barred.  "The federal

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner

seeking a federal habeas corpus remedy to file his federal petition within one year after his state

conviction has become 'final.'"  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. §

2244(d)(1)(A)).  This one-year period of limitation may, pursuant to 28 U.S.C. § 2244(d)(2), be

tolled under certain circumstances.  Thus, the limitations period "does not include the time

during which an application for state collateral review is 'pending' in the state courts."  Carey,

536 U.S. at 216-17 (citing 28 U.S.C. § 2244(d)(2)).

The one-year limitations period runs from the latest of four events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, as in most cases, petitioner's conviction became final on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).  The D.C. Court of Appeals affirmed petitioner's convictions on June 25, 1999, and he did not file a petition for writ of certiorari. Therefore, petitioner's conviction became final no later than on or about September 25, 1999, when the time for filing his petition for writ of certiorari expired.  Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Lafayette, 337 F.3d 1043, 1045 (D.C. Cir. 2003); see also Sup. Ct. R. 13.1.   Petitioner was required to file his federal habeas petition within one year of the date that his conviction became final or by no later than on or about September 25, 2000.

Petitioner did not file the instant petition until January 25, 2006.  Thus, his petition is untimely unless the limitation period is subject to tolling pursuant to 28 U.S.C. § 2244(d)(2). Petitioner did not file his application of collateral review (i.e., his § 23-110 motion) in D.C. Superior Court until July 30, 2001.  This was approximately 10 months after the one-year

limitations period had expired.  Hence, the tolling provisions of § 2244(d)(2) do not apply.  See

Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Scott v. Johnson, 227 F.3d 260, 263

(5th Cir. 2000).  In sum, petitioner's habeas petition is untimely and must be dismissed.[6]

## CONCLUSION

For all these reasons, petitioner's habeas petition should be summarily dismissed.[7]

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar Number 451-058
United States Attorney

ROBERT D. OKUN
D.C. Bar Number 457-078
Chief, Special Proceedings Section


_____/s/_____
MARGARET J. CHRISS
D.C. Bar Number 452-403
Assistant United States Attorney
555 4th Street, N.W.
Special Proceedings Section
Washington, D.C.  20530
(202) 307-0874
facsimile (202) 514-8784

---

[6]     Petitioner does not address the timeliness issue and hence, makes no argument that the one-year period of limitation should be equitably tolled.  While the D.C. Circuit has not resolved whether equitable tolling applies in the context of a petition filed pursuant to § 2254 or § 2255, it has noted that a claim for equitable tolling will be denied unless "extraordinary circumstances beyond [defendant's] control make it impossible to file a petition on time."  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (quoting Calderon v. United States Dist. Ct., 128 F.3d 1283, 1288 (9th Cir. 1997)).  On the record before the Court, no such extraordinary circumstances are present.

[7]     We reserve the right to respond on the merits should the Court reject the arguments presented herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 13th day of April 2006, I caused a copy of the foregoing Opposition to petitioner's Petition under 28 U.S.C. § 2254 and/or 28 U.S.C. § 2255 to be served via the United States District Court for the District of Columbia's ECF program upon Thomas J. Simeone, Esq., and to be served via first-class mail, postage pre-paid, upon Stuart J. Snyder, Esq., One North Charles St., Suite 1104, Baltimore, MD 21201.


\_\_\_\_\_/s/_____
Assistant United States Attorney