**<u>Exhibit A</u>**

ORIGINAL

SUPERIOR COURT OF HE DISTRICT OF COLUMBIA
Criminal Division – Felony Branch

UNITED STATES

    Vs.             Criminal Case No: F-8084-95
                          Post conviction Relief Sought

FRANKLIN REYES          The Honorable Judge Cushenberry

## MOTION FOR LEAVE TO LATE FILE
## DEFENDANT'S MOTION FOR RECONSIDERATION
## OF ORDER DENYING DEFENDANT'S MOTION TO VACATE CONVICTIONS AND
## FOR A NEW TRIAL FILED HEREIN

Comes now the defendant, by and through undersigned counsel and respectfully requesting permission to late file defendant's motion for reconsideration of the Court's order denying relief under the defendant's previously filed motion for the vacating of convictions and for a new trial. As reasons for this request, the following representations are made:

1.      Undersigned counsel in this matter had an unusually heavy court schedule during the months of February, March and April. Although many of the matters were bench trials, they were trials nonetheless and sometimes occurred in successive days.

2.      As a result of that heavy court schedule, coupled with responsibilities and deadlines to be met in civil matters, counsel was unable to fully address the issues that were presented as result of this Court's order.

3.      The court's order was docketed on February 11, 2002 and received in this office on or about February 19, 2002.

4.      In addition, the defendant in this matter is serving his sentence at the federal penitentiary in Denver, Colorado. When he was advised by telephone of the Court's decision and the reasons therefore, he advised counsel that the reason for the issue of ineffective assistance of counsel not having been raised during the direct appeal was on advice of counsel.

1

*70*

5.    The defendant further advised that his appellate counsel specifically advised
him that once the appeal was decided against him, the defendant could then
raise ineffective assistance of counsel with impunity.

6.    The defendant further advised that he had a copy of a letter provided him by
appellate counsel, which supported his claim as to why the issue of ineffective
assistance of counsel was not raised on direct appeal.  (See Attachment, Tab
1).[1]

7.    In order to further verify this information and to get clarification from the
defendant's appellate counsel, efforts were initially made to contact appellate
counsel from a telephone number provided by Verizon information.  That
number continually rang busy.

8.    Finally, the defendant provided a telephone number for appellate counsel.  In
addition, undersigned counsel was able to locate a telephone number from the
file the appellate file.

9.    Once that was done, telephone conferences and discussions ensued between
undersigned counsel and appellate counsel which resulted in the provision of
the attached letter explaining the reason for the failure to raise ineffective
assistance of counsel on direct appeal.

10.    The defendant submits that this attachment evinces "good cause" for not
raising the issue on direct appeal and asks the Court to reconsider its ruling so
that this matter may be decided on the merits.

11.    Reconsideration of this motion will not unduly prejudice the government.

---

[1] Mr. Reyes mailed a copy of the letter to counsel who received it on or about March 11, 2002.  Counsel then attempted
to contact Mr. Klubes, defendant's appellate counsel to verify.  Subsequently, on March 22, 2002, undersigned counsel
located the original in the file previously provided by appellate counsel.  Both copies are enclosed for the Court's
review.

12.    The defendant, on the other hand, would suffer extreme prejudice and hardship, if the Court denies his petition for reconsideration in that he has meritorious Constitutional claims that should not be summarily dismissed on procedural grounds.

13.    These claims have a direct bearing on the defendant's fundamental right of liberty.

14.    An attempt was made to ascertain the position of the government with respect to filing of this motion to no avail.

WHEREFORE, the defendant respectfully prays this honorable Court will accept his motion for reconsideration filed herein and grant an evidentiary hearing on the issue of ineffective assistance of counsel.

## LEGAL DISCUSSION

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. In *Strickland v. Washington*, the Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction, the defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.

In deciding whether a counsel's performance was ineffective, a court must consider the totality of the circumstances. Nonetheless, the defendant must point to actual ineffectiveness, either through specific errors or omissions of counsel, and may not rely solely on the surrounding circumstances to prove ineffective assistance. Under the performance prong of *Strickland*, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance. In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. The presumption applies

72

when there has been an "actual or constructive denial of the assistance of counsel altogether," when there are "various kinds of state interference with counsel's assistance," or when counsel is burdened by an actual conflict of interest. In these situations, prejudice is so likely to occur that a case-by-case inquiry is unnecessary.

**Ineffective assistance of counsel** may result from an attorney's conflict of interest. In *Cuyler v. Sullivan*, the Supreme Court ruled that a defendant can demonstrate a Sixth Amendment violation by showing: (1) that defense counsel was actively representing conflicting interests and (2) that the conflict had an adverse effect on specific instances of counsel's performance.

Sometimes a person is convicted that should not have been convicted under the law. All criminal justice systems, to some extent, are designed to avoid this result. Yet, the reality is that wrongful convictions do occur. Because wrongful convictions occur and because it is the desire and intent of the Constitution that the rights of individuals are protected against wrongful convictions and violations of fundamental rights as guaranteed by the United States Constitution, our criminal justice system has built in mechanisms for assessing and evaluating the level of effectiveness of representation for criminal defendants. The value placed on avoiding wrongful convictions; the value placed on finality; the emphasis on preventing and correcting factual as opposed to legal error; and the nature and availability of a mechanism for correcting a wrong result are all considered when a Court is weighing whether to review a final result. One thing is clear, however, and that is that if there has been a wrongful conviction, every measure should be taken to correct the wrong.

By Court order dated and docketed February 11, 2002, this court denied the defendant's motion to vacate convictions and grant a new trial based on three premises:

1.  The "trial counsel had no way of knowing of Mr. Fana, and therefore had no way to present testimony (tied to the defense of withdrawal from a conspiracy): ... constituted deficient representation;

4 *73*

**Argument:** Trial counsel in fact, knew Mr. Fana because trial counsel represented Mr. Fana contemporaneous with her representation of the defendant, Franklin Reyes. Thus, not only did Ms. Shaner know Mr. Fana but she had reason to know that Mr. Fana was housed on the same unit at the District of Columbia Jail as the shooter in this case - Carlos A. Alonzo. The Court in its order relies upon <u>Wesley</u> v. <u>United States</u>, 449 A.2d. 282 (D.C. App. 1982) for the proposition that the defendant must establish the existence of a legal defense available from facts known or obvious to the trial attorney in order to establish ineffective assistance. It is through investigation that facts become known to counsel – from representations made by clients and interviewing witnesses. The fact that Mr. Fana was a client of trial counsel and was housed on the same unit as her client and the co-defendant coupled with the defendant's representation that he was not the shooter was enough to ask the question, "Has anyone said anything regarding the shooting"?

2.      "Mr. Fana's potential testimony would not have aided the trial defense of the defendant"… convinced to testify. "Instead of being exculpatory as claimed in the motion, the testimony would actually have undercut the defendant's case".

3.      "At trial, the defendant presented a theory of innocence, rather than one of withdrawal from a criminal conspiracy. The defendant's theory (as stated in the jury instructions) was that he did not know Mr. Alonzo was going to shoot the decedent, and that he did not help Mr. Alonzo shoot the decedent.

**Argument:** It is totally inconceivable that had Mr. Fana come forth during the trial with his information that co-defendant Alonzo had admitted that it was he, not Defendant Reyes, who actually pulled the trigger after Mr. Reyes refused to do would

have undercut Defendant Reyes' case. That testimony would have totally supported Mr.

Reyes in his defense of withdrawal from participation. This Court has indicated in its

order denying the defendant's 23-110 motion and motion for a new trial that the

defendant's theory of the case instruction did not include the defendant's assertion that he

had withdrawn from participation in the commission of the offense and therefore did not

have the requisite <u>mens rea</u> sufficient to support a conviction beyond a reasonable doubt

for murder. Yet, the record **at trial was replete with references to the defendant's**

**withdrawal from participation whether from the government's version of the case**

**or the** defendant's. Trial counsel requested an instruction on the issue of withdrawal; the

trial court did not deny the request, but asked that counsel draft an instruction. Trial

counsel failed to draft and present the instruction. The fact that the trial judge did not

deny the request for the instruction is indicative of the sufficiency of the evidence on

which to charge the jury on the law regarding withdrawal form participation in a criminal

enterprise. If there was no basis for the instruction, the trial judge would not have asked

counsel to draft an instruction. By omitting a jury instruction consistent with trial

testimony that (a) demonstrated that the defendant Reyes was not the shooter and (b)

indicated that Defendant Reyes had actually indicated to Defendant Alonzo, the true

shooter, his unwillingness to participate in the murder, "in effect ,blotted out the essence

of a substantial defense" (See <u>Wesley</u> , <u>supra).</u> The fact that Mr. Fana was unwilling to

come forward with this information during the trial of Defendant Reyes is of no moment

since the Court could have ordered the cases severed and Mr. Reyes' trial continued until

there was no Fifth Amendment issue haunting Mr. Fana.

      4.       Finally, the Court denied the Defendant's motion because there was a

failure to raise ineffective assistance of counsel in the direct appeal of

the case.

**Argument:  D.C. Code 23-110** provides that unless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall grant a prompt hearing thereon. Section 23-110 requires an evidentiary hearing unless the allegations of the motion itself are vague and conclusory, are wholly incredible, or, even if true, would merit no relief. A hearing is often required when a motion alleges ineffective assistance of counsel, especially where the ineffectiveness concerns facts dehors the original record. If those allegations are not sufficient to indicate an absence of a fair trial, couched in conclusory terms with essentially no factual foundation -- or patently frivolous on their face, even if true, however, no hearing is required.  This Court, relying on Shepherd v. United States, 533 A.2d 1278, 1280 (D.C.App. 1987) denied the defendant's request for an evidentiary hearing on his Motion for a New Trial and for Ineffective Assistance of Counsel.  In Shepherd, supra, the government contended that appellant's ineffective assistance of counsel claims were barred because the appellant had shown no cause for his failure to raise them at the time of his direct appeal and no prejudice resulting from his trial counsel's alleged ineffectiveness. Cf. United States v. Frady, 456 U.S. 152, 167-68, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982) (requiring showing of both cause and prejudice for collateral attack when petitioner failed to raise claim on direct appeal); Head v. United States, 489 A.2d 450, 451 (D.C. 1985) (same).  The Court held that if an appellant does not raise a claim of ineffective assistance of counsel during the pendency of the direct appeal, when at that time appellant demonstrably knew or should have known of the grounds for alleging counsel's ineffectiveness, that procedural default will be a barrier to this court's consideration of appellant's claim.  However, the court went on to state how an appellant may surmount the barrier created by the procedural default of failing to press an available claim of ineffectiveness concurrently with a direct appeal conducting its inquiry "mindful of the constitutional basis of one's right to effective assistance of counsel". See Strickland

*76*

*v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). The Court then decided that the standard for measuring a proffered justification for a belated claim is the "cause and prejudice" standard. Under this standard, the defendant must show good cause for failing to raise the issue of ineffective assistance of counsel and, consistent with the considerations of Strickland, supra, prejudice as a result of the act or acts which make for the ineffective assistance. In this matter, the defendant was advised by counsel **not** to raise the issue of ineffective assistance on direct appeal because among other reasons, appellate counsel was seeking a more favorable standard of review at the appellate level (see attached, Letter from Ben Klubes, Defendant's Appellate counsel, dated April 3, 2002). [2] The defendant submits that he has demonstrated good cause for failing to raise the claim of ineffective assistance of counsel on direct appeal and has further demonstrated prejudice as a result of the failure of the jurors having the benefit, not only of a defense drafted jury instruction as to the effect of withdrawal from participation in a criminal enterprise upon the guilt of an individual, but further failure to, as this Court has pointed out, include that theory consistent with the evidence presented at trial, include withdrawal as a component of the defendant's theory of the case and defense.

[2] In addition, the defendant had specifically requested that the issue of ineffective assistance of counsel be raised in the appeal on the basis of the alleged failure of trial counsel to discuss the defendant's plea offer and options. Appellate counsel advised Mr. Reyes that the issue of ineffectiveness could be raised once the appeal was decided. (See attached, Letter from Ben Klubes, dated November 17, 1998.

WHEREFORE, the defendant respectfully requests that reconsideration of his previously motion be made and consideration of the merits of the motion be undertaken consistent with the representations herein.

Respectfully submitted:

*Janai C. Reed*

Janai C. Reed   Bar No. 420259
1818 Eleventh Street, Northwest
Washington, DC 20001
(202) 588-8801; Fax: 2/331-8757
Attorney for Franklin Reyes

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Motion for Reconsideration was mailed first class, postage prepaid to the United States Attorneys Office for the District of Columbia, Robert D. Okun, Assistant United States Attorney, Chief, Special Proceedings Section at 555 Fourth Street, Northwest, Eleventh Floor, Washington, DC this 17th day of April 2002.

*Janai C. Reed*

Janai C. Reed