**<u>Exhibit B</u>**

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION

FELONY BRANCH

2002 SEP -b  P 1: 59

FILED

UNITED STATES                    :

    v.                              :   Criminal Case No. F-8084-95

FRANKLIN REYES                   :

## ORDER

    This matter comes before the Court upon the defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Vacate Convictions and for a New Trial Filed Herein (hereinafter "Motion for Reconsideration").    After careful consideration of the defendant's motion and the entire record in this case, the Court concludes that defendant's motion is without merit, and must be denied.

## Procedural History

    On October 28, 1996, a jury convicted the defendant of First-Degree Murder while Armed and Possession of a Firearm during a Crime of Violence or Dangerous Offense (PFCV). The jury also convicted one of the co-defendants, Carlos Alonzo, of the same charges. [1] On January 17, 1997, Judge Morrison sentenced the defendant to concurrent terms of thirty (30) years to life imprisonment for the murder conviction, and five (5) to fifteen (15) years of imprisonment for PFCV.

    On January 22, 1997, the defendant appealed his convictions to the D.C. Court of Appeals (No. 97-CF-212). The defendant's appeal was consolidated with co-defendant Alonzo's appeal (No. 97-CF-477). On appeal, both the defendant and Mr. Alonzo claimed that their cases should have been

---

[1] The jury acquitted a third co-defendant, Douglas Argueta.

*86*

severed before trial. The defendant also claimed that the trial judge erred by refusing to instruct the jury that the defendant could not be convicted of murder if he withdrew from the plan to kill the decedent; that his convictions should be reversed because the jury's verdict may not have been unanimous; and that the trial Judge abused his discretion by refusing to give a "child witness" instruction for a sixteen year-old witness. On June 25, 1999, the D.C. Court of Appeals rejected all the claims, and affirmed the convictions of both the defendant and Mr. Alonzo. Reyes v. United States, 97-CF-212, Slip Op. at 1 (D.C. June 25, 1999).

On July 30, 2001, Mr. Reyes filed a § 23-110 motion, claiming that his trial counsel was ineffective because defense counsel failed to (1) uncover and present an exculpatory defense witness and (2) draft and present to the jury an instruction regarding withdrawal from participation in a conspiracy. Motion to Vacate Convictions and for a New Trial at 1. The defendant requested an evidentiary hearing on his claims of ineffective assistance of counsel.

In an order dated February 11, 2002, the Court denied the defendant's motion, for two reasons. First, the Court found that the defendant's failure to raise the ineffective assistance claim during his direct appeal was a procedural bar which prevented him from raising the claim in a post-appeal §23-110 motion. In reaching this conclusion, the Court determined that the defendant had not demonstrated cause for his failure to raise the claim earlier. Second, the Court determined that the defendant had not met the burden of establishing ineffective counsel under the Strickland standard. 466 U.S. 668 (1984). Namely, the Court found that the defendant had failed to establish that his attorney's behavior was deficient or that he was prejudiced by his attorney's behavior.

On April 18, 2002, the defendant filed the instant motion.

2

87

**The Defendant's Motion for Reconsideration**

The defendant's Motion for Reconsideration raises three separate claims of error concerning the Court's Order denying his previous Motion to Vacate. First, the defendant argues that he should not have been procedurally barred from raising his ineffective assistance of counsel claim because he can demonstrate cause for not raising the instant claim during his appeal. The defendant claims that he purposefully omitted the ineffective assistance of counsel claim from his direct appeal because his appellate attorney advised him that it would assist his appeal and that he would be able to raise the claim in a later motion if his appeal was denied. Motion for Reconsideration at 8. In sum, the defendant proposes that his appellate attorney's advice should constitute cause for his failure to raise the instant claim earlier.

Second, the defendant argues that the Court erred when it found that his trial attorney's performance was not deficient. The defendant claims that his attorney, Heather Shaner, was aware of the existence of an allegedly exculpatory witness, Mr. Fana, but failed to investigate his potential testimony. Id. at 5. The defendant also proffers that Ms. Shaner was aware that Mr. Fana was housed in the same unit at the D.C. jail as his co-defendant, Alonzo. Id. Taken together, the defendant argues that Ms. Shaner should have investigated Mr. Fana's knowledge of the incident to determine whether Mr. Fana could provide exculpatory testimony on the defendant's behalf. Id. By failing to do so, the defendant claims that Ms. Shaner fell below the normal standard of professional conduct.

Third, the defendant argues that the Court's determination that he was not prejudiced by Ms. Shaner's allegedly deficient behavior was erroneous. In response to the defendant's motion, the Court found that even if Mr. Fana had testified at trial, he would not have aided the trial defense of the defendant. Specifically, the Court determined that ". . . Mr. Fana's testimony . . .

*88*

actually corroborates the version of events presented at trial by the United States. . . thus it is quite likely that the evidence would have *harmed* Mr. Reyes' case." Order at 7. (Emphasis in original). The Court also determined that Mr. Fana was unwilling to testify on the defendant's behalf. The defendant reiterates his claim that Mr. Fana's testimony would have supported his defense of withdrawal, and claims that Mr. Fana would have testified if the Court had severed the defendant's case from the cases of his co-defendants. Motion for Reconsideration at 6.

The defendant requests that the Court reconsider its denial of his previous motion. However, the defendant's claims are entirely without merit, and the defendant's motion can be summarily denied without an evidentiary hearing because the files and records of the case conclusively demonstrate that he is not entitled to any relief. D.C. Code Ann. §23-110 (c) (1998); See Ellerbe v. United States, 545 A.2d 1197 (D.C. App. 1988) (Holding that a hearing is not required where the claims can be disposed of based on the files and records of the case because the claims do not involve matters outside of the record); Glass v. United States, 395 A.2d 796 (1978) (Ruling that a hearing is unnecessary where the record conclusively shows that a defendant is not entitled to relief).

**Standard**

The Court is not required to consider repeat claims. Vaughn v. United States, 600 A.2d 96, 97 (D.C. 1991). Under §23-110, the Court is not ". . . required to entertain a second of successive motion for similar relief on behalf of the same prisoner." D.C. Code § 23-110(e). The Court of Appeals has instructed that when a defendant has already launched several collateral attacks on a conviction, the cause and prejudice test should be applied. Vaughn v. United States, 600 A.2d at 97.

Under Strickland v. Washington, the defendant must satisfy a two-prong test. 466 U.S. 668 (1984). The first prong is whether his counsel's performance was deficient; specifically,

4

*89*

whether his counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. The second prong is whether his counsel's allegedly deficient performance prejudiced the defense to such a degree "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

**Discussion**

**1. The Defendant Should be Procedurally Barred from Raising this Claim**

In its February 6, 2002 Order, the Court denied the defendant's §23-110 motion because, *inter alia*, the defendant failed to demonstrate cause for not raising his ineffective assistance of counsel claim during his direct appeal. Finding that the defendant ". . . clearly had knowledge of the grounds for alleging ineffectiveness by his trial counsel . . ." and that the ". . . defendant has not shown the existence of an external factor that impeded his efforts to raise the ineffective assistance claim on direct appeal," the Court ruled that the defendant was procedurally barred under Shepard v. United States. 533 A.2d 1278 (D.C. 1987).

The defendant's Motion for Reconsideration argues that, contrary to the Court's determination, the defendant did have cause for failing to raise the instant claim during direct appeal. Specifically, the defendant claims that he ". . . was advised by counsel **not** to raise the issue of ineffective assistance on direct appeal because among other reasons, appellate counsel was seeking a more favorable standard of review at the appellate level . . ." Motion for Reconsideration at 8 (emphasis in original). In short, the defendant claims that his appellate attorney convinced him that, strategically, it would be to his advantage to ignore the instant claim during appeal, and that this satisfies cause under Shepard. The defendant's claim, however, is meritless, and unsupported by any legal authority.

5

*90*

To demonstrate cause, the defendant must show that some objective factor, external to the defense, impeded his efforts to raise the claim earlier. McClesky v. Zant, 499 U.S. 467, 493 (1991). In the instant motion, the defendant does not demonstrate, nor even claim, that an objective factor **external to the defense** prohibited him from raising the instant claim during appeal. Instead, the defendant argues that the tactical advice of his appellate attorney amounts to cause. However, the defendant's contention that the legal strategy he chose constitutes cause is meritless.

The defendant's motion does not cite any caselaw which supports his contention that a tactical decision constitutes cause under Shepard. Also, under existing caselaw, the facts in the instant case do not support a finding that cause exists.

In McClesky, the Supreme Court offered instruction on what constitutes cause:

> Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . Attorney error, short of ineffective assistance of counsel, however, does not constitute cause and will not excuse procedural default.

499 U.S. at 494. (internal quotations omitted).

The defendant cannot, based on the factors discussed in McClesky, convincingly maintain that his tactical decision constitutes cause. The defendant has failed to demonstrate that the instant claim was "not reasonably available to counsel." To the contrary, the defendant has acknowledged that both he and his attorney consciously decided to exclude the present issue from the direct appeal. Motion for Reconsideration at 8. Moreover, the defendant has at no time alleged or demonstrated that his appellate attorney's conduct was deficient. Without such a

6

*91*

showing, the defendant cannot demonstrate cause by a showing that his appellate attorney made a tactical error.

Finally, the defendant cannot claim that this tactical decision was made without his knowledge or consent. In a letter from his appellate attorney, the defendant was explicitly asked whether he wished to pursue the ineffective assistance of counsel claim during his appeal.[2] By signing and returning the letter, the defendant acknowledged to his appellate attorney his desire to omit the ineffective assistance of counsel claim from his direct appeal.

Based on the foregoing, the defendant's argument that he had cause for failing to raise the instant claim during his direct appeal should be denied. The defendant's failure to raise the present claim during his direct appeal was the result of a conscious, tactical decision made by the defendant and his appellate attorney. This does not amount to an objective factor external to the defense which impeded his efforts to raise the claim during direct appeal. McKleskey v. Zant, 499 U.S. at 484. Therefore, the procedural bar to the defendant's claim remains intact.

## 2. The Defendant has Not Established that his Attorney Acted Deficiently

Assuming, *arguendo*, that the defendant had been able to surmount the procedural bar to his motion, the defendant's motion would still have been denied because the defendant has failed to establish deficient performance on the part of Attorney Shaner. In the Court's February 6, 2002 order, the Court denied the defendant's motion to vacate his conviction pursuant to §23-110 because, *inter alia*, the defendant failed to demonstrate that Attorney Shaner's conduct was deficient. Finding that the purportedly exculpatory witness, Mr. Ramon Fana, was unknown to

---

[2] "You have agreed, in light of the information we have conveyed to you after speaking with Ms. Shaner, that you do not want us to file any motion challenging Ms. Shaner's conduct at this time . . . In order to make absolutely sure that there are no misunderstandings concerning what you wish us to do, I ask that you countersign this letter . . . ." Letter to Franklin Reyes, November 17, 1998, at 2-3.

*92*

Attorney Shaner, the Court ruled that the defendant had failed to satisfy the first prong of Strickland.

The defendant's instant motion argues that the Court's determination that his trial attorney's behavior was not deficient under Strickland was incorrect. Specifically, the defendant claims that Attorney Shaner was aware of the existence of Mr. Fana, and that if Attorney Shaner had properly investigated the defendant's case, Mr. Fana could have provided testimony which would have aided the defendant. Motion for Reconsideration at 5. The defendant contends that Attorney Shaner's failure to seek out Mr. Fana and question him regarding the defendant's case amounts to deficient conduct under the ineffective assistance of counsel standard. Id. The defendant's contention, however, is entirely without merit because it is unsupported by any factual evidence or legal authority.

First, the defendant's contention that his trial attorney was aware of Mr. Fana, but nevertheless refused to question him about the defendant's trial, is entirely lacking in factual support. The defendant has proffered no evidence that Attorney Shaner had any reason to know that Mr. Fana could offer potentially exculpatory testimony on the defendant's behalf. The only evidence that the defendant has provided to support this claim is that Mr. Fana and Mr. Alonzo were housed in the same prison unit. While the defendant claims that Attorney Shaner did, in fact, know Mr. Fana because Mr. Fana was also her client in an unrelated case, according to Mr. Fana's affidavit, he was actually represented by Maria Mendoza, and **not** Attorney Shaner. Affidavit of Ramon Fana, at 1.[3] Therefore, the defendant's contention that Ms. Shaner should

---

[3] The Court is certain that, as an officer of the court, counsel was not attempting to mislead the Court, or misrepresent the defendant's case, and was simply confused as to who actually represented Mr. Fana during the period in question.

have known that ~~Mr.~~ Fana would have evidence related to Mr. Reyes' case is completely lacking in factual support.

Second, the defendant does not proffer any legal authority supporting his contention that a reasonably competent attorney would have questioned Mr. Fana. Rather, the defendant simply offers the entirely conclusory contention that "The fact that Mr. Fana was a client of trial counsel and was housed on the same unit as her client and the co-defendant coupled with the defendant's representation that he was not the shooter was enough to ask the question, 'Has anyone said anything regarding the shooting?'" Motion for Reconsideration at 5.

The Supreme Court has dictated that the ". . . proper measure of attorney performance remains simply reasonableness under *prevailing* professional norms." Strickland v. Washington, 466 U.S. at 694. (emphasis added). The defendant asks the Court, however, to find that Attorney Shaner was ineffective without providing any support for the proposition that a reasonable attorney, in the same situation, would have acted differently. It is the Court's duty to decide whether the attorney's behavior fell within the normal range of *prevailing* professional conduct; it is not, as the defendant would ask, the Court's duty to re-write what constitutes reasonable, professional conduct.

In essence, the defendant invites this court to hold that Attorney Shaner's representation was grossly incompetent because Attorney Shaner did not discover that Mr. Fana could have offered potentially exculpatory testimony.[4] However, the defendant does not offer any evidence that Attorney Shaner's performance was ineffective, based on existing standards of professionalism.

---

[4] Accepting the defendant's invitation would place a significant and impractical burden on trial attorneys by requiring every attorney to ask each one of their clients what they know about all the attorney's other client's cases.

Based on the foregoing, the defendant has not demonstrated that his ". . . counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. at 687.  Thus, the defendant has not shown that his attorney's performance was deficient.

### 3.  The Defendant has Not Established he was Prejudiced by his Attorney's Conduct

In its February 6, 2002 Order, the Court denied the defendant's motion to vacate his conviction because, *inter alia*, the defendant failed to demonstrate that he was prejudiced by Attorney Shaner's allegedly deficient conduct.  Finding that ". . . Mr. Fana's potential testimony would not have aided the trial defense, even if [Mr. Fana] had been located and convinced to testify," the Court ruled that the defendant had failed to satisfy the second prong of Strickland. Order at 6.

The defendant argues that the Court's determination was incorrect because Mr. Fana could have been convinced to testify, and that his testimony would have supported the defendant's defense.[5]  The defendant claims that "It is totally inconceivable that had Mr. Fana come forth during the trial. . . [that this] would have undercut Defendant Reyes' case." Motion at 6.  However, based on the testimony actually presented at trial, this claim is clearly unfounded, and the defendant's conclusory contention does not merit relief.

At trial, the government's evidence showed that the defendant and co-defendant Alonzo planned to shoot the victim, but the defendant refused to shoot because there were too many other people around.  Co-defendant Alonzo then took the gun from the defendant, and shot the victim.

---

[5] The defendant suggests that "The fact that Mr. Fana was unwilling to come forward with this information during the trial of Defendant Reyes is of no moment since the Court could have ordered the cases severed and Mr. Reyes' trial continued until there was no Fifth Amendment issue haunting Mr. Fana. Motion for Reconsideration at 6.

95

The defendant's trial strategy was that the defendant was completely innocent—that the defendant had no knowledge of the gun or co-defendant Alonzo's intentions of killing the decedent.[6] Mr. Fana's testimony, however, would have contradicted not only the defense's legal strategy, but also the defendant's own sworn trial testimony and that of several character witnesses.[7]

Had Mr. Fana been uncovered as a witness, presented to the jury, and testified as he did in his affidavit, he simply would have provided additional evidence implicating the defendant in the planning and preparation of the murder of Mr. Sorto. Therefore, the defendant cannot demonstrate that, but for trial counsel's errors, there is a reasonable probability that the outcome of the case would have been different. See McKinnon v. United States, 644 A.2d 438 (D.C. 1994).

## IV.   Conclusion

The defendant's Motion for Reconsideration is entirely lacking in any new evidence or legal arguments which would merit the Court's revisiting its denial of the defendant's §23-110 motion. Accordingly, for the foregoing reasons, and having read and considered the defendant's motion and the court record, and having reflected upon the trial proceeding, it is this 5th day of September 2002,

**ORDERED**, that defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Vacate Convictions and for a New Trial Pursuant to D.C. Code 23-110 is **DENIED**.

---

[6] Although the defendant now claims on appeal that the trial strategy was one of withdrawal from a criminal enterprise, the testimony of the defendant's witnesses, the defendant's own testimony, and the defense theory given to the jury all contradict this claim.

[7] According to Mr. Fana's affidavit, "Carlos Alonzo indicated to me that Franklin Reyes initially had the gun that subsequently was used in the shooting . . . Carlos Alonzo told me that the plan was that Franklin Reyes shoot the victim; however, when they got to where the victim actually was, Franklin Reyes changed his mind and would not shoot. Carlos Alonzo told me that he grabbed the gun away from Franklin Reyes and shot the victim." Affidavit of Ramon Fana, 1-2.



HAROLD L. CUSHENBERRY, JR.
ASSOCIATE JUDGE
(Signed in Chambers)

COPIES TO:

Janai C. Reed, Esq.
1818 11th Street, NW
Washington, DC 20001

Ryan H. Rainey, AUSA
Special Proceedings Section
U.S. Attorney's Office

12

97