**Exhibit C**

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM EDWARD SHANNON,      :
                             :
       Petitioner,           :   No. 4:CV-04-1051
                             :
vs.                          :   Petition Filed 05/12/04
                             :
JOSEPH V. SMITH, Warden,     :   (Judge Muir)
USP-Lewisburg,               :
                             :
       Respondent            :   (Magistrate Judge Smyser)

**ORDER**

August 18, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 12, 2004, William Edward Shannon, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk of Court assigned this case to us but referred it to Magistrate Judge J. Andrew Smyser for consideration. On June 9, 2005, the Magistrate Judge issued a report recommending that Shannon's petition be dismissed.

On June 23, 2005, Shannon filed objections to the Report and Recommendation and a supporting brief. The government filed its opposition brief on July 28, 2005. The time allowed for Shannon to file a reply brief expired on August 15, 2005, and to this date he has filed no such brief. Shannon's objections are ripe for disposition.

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. United States v. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.31.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. Id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Id.; *See also* Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Before we discuss the substantive claims in Shannon's habeas corpus petition and his objections to Magistrate Judge Smyser's Report and Recommendation, we will set forth the material procedural and factual history of this case.  Shannon was charged with rape and the case was tried in the Superior Court of the District of Columbia.  In the midst of its deliberations, the jury sent the following note to the trial judge: "During the course of our negotiations it was learned that a juror was accused of rape in the past which effects the deliberations."

After discussing the matter with counsel, the court and the parties agreed to respond to the note by instructing the jury that it was to decide the case based on the evidence presented in the courtroom and not upon any prejudice, passion, fear, sympathy or other matter outside of the evidence. The jury subsequently found Shannon guilty. On January 31, 1995, Shannon was sentenced to a term of imprisonment of 15 years to life.

Shannon appealed his conviction and pursued relief by other means including a motion to recall the mandate issued by the District of Columbia appellate court and two motions for post-conviction relief filed pursuant to § 23-110 of the District of Columbia Code (hereinafter "§ 23-110"). That statute is the District of Columbia's equivalent of 28 U.S.C. § 2255.

Shannon's challenges to his conviction are based on either the alleged ineffectiveness of his trial and appellate counsel or the manner in which the trial court and his counsel responded to the jury's note. In the post-conviction proceedings he filed in the District of Columbia courts, Shannon specifically claimed that the manner in which his trial and appellate counsel responded to the jury's note violated his Sixth Amendment right to effective counsel. He also raised the issue in the "Pro Se Motion to Recall the Mandate and Appoint New Counsel Pursuant to

3

D.C. App. R. 41(c)," which he filed in District of Columbia Court of Appeals.

Magistrate Judge Smyser recommends that Shannon's petition be dismissed without considering its substantive merits because the claims in it may not be brought in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. The Magistrate Judge considered the pivotal issue to be whether Shannon had other adequate and effective avenues to pursue his claims.

Magistrate Judge Smyser concluded that Shannon's petition should be dismissed because Shannon was able to litigate each of his claims through some process other than a federal habeas corpus petition. In other words, Shannon is barred from pursuing federal habeas corpus relief because Shannon has failed to demonstrate that the other available remedies were "inadequate or ineffective." *See* 28 U.S.C. § 2255; D.C. Code § 23-110(g); Collier v. United States, No. 99-5120, 1999 WL 1336229 (D.C. Cir. 1999).

Shannon's objections to the Magistrate Judge's Report and Recommendation are based strictly on the manner in which Magistrate Judge Smyser interpreted subsection § 23-110(g). That subsection provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it

4

appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).

Magistrate Judge Smyser cites the case of <u>Collier v. United States</u>, No. 99-5120, 1999 WL 1336229 (D.C. Cir. 1999), in support of his conclusion that Shannon's ability to obtain relief by way of a motion to recall the mandate of the District of Columbia's appellate court is an adequate and effective remedy which precludes Shannon from seeking relief in a federal habeas corpus petition.

In his objections, Shannon argues that the Magistrate Judge errs by interpreting § 23-110(g) too broadly. Shannon contends that the issue should be limited to whether or not relief is available by way of § 23-110. According to Shannon, if no relief is available by way of § 23-110 then relief may be sought in a federal habeas corpus petition. Shannon believes that his ability to raise the claims at issue in a motion for the District of Columbia Court of Appeals to recall its mandate is entirely irrelevant.

Magistrate Judge Smyser's position is supported not only by the case of <u>Collier v. United States</u>, No. 99-5120, 1999 WL 1336229 (D.C. Cir. 1999), which he cites in his Report and

5

Recommendation, but also by the reasoning and holding of the United States Supreme Court in Swain v. Pressley, 430 U.S. 372, 97 S. Ct. 1224 (1977).

The United States Court of Appeals for the District of Columbia in Collier was considering whether counsel should be appointed and a certificate of appealability issued in a case where the appellant sought federal post-conviction relief in the United States District Court for the District of Columbia. The court denied both motions, stating that

> [b]efore bringing his claim in district court, appellant properly pursued a motion to recall mandate, which is an appropriate collateral procedure for presenting an ineffective assistance of appellate counsel claim, in the District of Columbia Court of Appeals. *See Streater v. Jackson,* 691 F.2d 1026, 1028 (D.C. Cir.1982). Appellant has not, however, demonstrated that his local remedy was inadequate or ineffective. *See Garris v. Lindsay,* 794 F.2d 722 (D.C. Cir.1986) (per curiam). Failure to prevail in that court does not render his local remedies inadequate or ineffective. *See id.* at 727.

Collier v. United States, No. 99-5120, 1999 WL 1336229, *1 (D.C. Cir. 1999).

At the very least, the cited portion of Collier indicates that a motion to recall a mandate "is an appropriate collateral procedure for presenting an ineffective assistance of appellate counsel claim." Id. We further interpret that quotation to support Magistrate Judge Smyser's ultimate conclusion (i.e., that the availability of a motion to recall the mandate forecloses

6

Shannon from pursuing federal habeas relief). Shannon has not provided any reason why it would be erroneous for us to rely on the court's analysis in Collier.

The Magistrate Judge's Report and Recommendation is further supported by the United States Supreme Court's comparison of § 23-110(g) with § 2255 in Swain v. Pressley, 430 U.S. 372, 97 S. Ct. 1224 (1977). In Swain the petitioner had been convicted in the Superior Court of the District of Columbia. He subsequently sought review of his conviction in a federal habeas corpus petition. The issue presented to the United States Supreme Court was "whether § 23-110(g) of the District of Columbia Code prevents the District Court from entertaining the application." Id. The United States Supreme Court held that the petitioner was not able to pursue his claims in a federal habeas corpus petition, stating that

> the statute expressly covers the situation in which the applicant has exhausted his local remedies, and requires that the application be denied in such a case. The statute provides that the application 'shall not be entertained ... by any Federal ... court if it appears that ... the Superior Court has denied (the applicant) relief.'

Swain v. Pressly, 430 U.S. 372, 377, 97 S. Ct. 1224, 1228 (1977). The court described that text as an "unequivocal statutory command to federal courts not to entertain an application for writ of habeas corpus after the applicant has been denied collateral relief in the [District of Columbia] Superior Court."

7

Id.; see also Garris v. Lindsay, 794 F.2d 722 (D.C. Cir. 1986)(holding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'")

It is undisputed that Shannon presented the ineffective assistance of counsel claim relating to the jury's note to the District of Columbia Court of Appeals in his motion for that court to recall its mandate which it declined to do. It is also clear that all of Shannon's remaining claims could have been presented to the District of Columbia Courts by way of a motion filed pursuant to § 23-110. Consequently, the Magistrate Judge properly concluded that none of Shannon's claims may be heard by way of a federal habeas corpus petition.

Shannon's objections to Magistrate Judge Smyser's Report and recommendation are without merit. We will overrule the objections, adopt the Report and Recommendation as our own, and dismiss Shannon's petition.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Shannon's objections to Magistrate Judge Smyser's Report and Recommendation (Document 34) are overruled.

2. Magistrate Judge Smyser's Report and Recommendation (Document 34) filed on June 9, 2005, is adopted *in toto*.

3. Shannon's § 2241 petition (Document 1) is dismissed.

4. The Clerk of Court shall close this case.

s/Malcolm Muir
MUIR, U. S. District Judge

MM:ga