UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRANKLIN B. REYES, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 06-0136 (ESH) |
| HECTOR RIOS, Warden, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On January 25, 2006, Franklin B. Reyes filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 and 2255, challenging a Superior Court for the District of Columbia judgment convicting him of first-degree murder and possession of a firearm during a crime of violence. Petitioner contends that he was deprived of his Sixth Amendment right to the effective assistance of trial and appellate counsel. Having considered Reyes' petition, his supporting memorandum, and respondent's opposition, the Court concludes that the petition must be denied.

## BACKGROUND

On February 21, 1996, Reyes and two codefendants were charged with first-degree murder, possession of a firearm during a crime of violence, and the unlicensed possession of a pistol. A jury convicted Reyes of all but the latter crime, and on January 17, 1997, he was sentenced to concurrent terms of thirty years to life for murder and five to fifteen years for the firearm offense. (Pet. Ex. 2 at 1.) Reyes appealed to the District of Columbia Court of Appeals, which affirmed the convictions in a June 25, 1999 opinion. (Pet. Ex. 1 at 1.)

1

Two years after the Court of Appeals' decision, petitioner filed in the Superior Court for the District of Columbia a Motion to Vacate Convictions and for a New Trial pursuant to D.C. Code § 23-110. (*See* Pet. Ex. 2.) In the motion, Reyes contended that he had been deprived of his Sixth Amendment right to the effective assistance of counsel due to his trial counsel's failure to provide the court with an instruction regarding "withdrawal from participation in a conspiracy" and to discover a potentially exculpatory witness. (*Id.* at 2-4.) Reyes' claims were summarily denied. (*Id.* at 1.) With respect to his counsel's failure to provide the court with a withdrawal instruction, the court concluded that Reyes was barred from raising the claim as a result of his failure to demonstrate "an external factor that impeded his efforts to raise the ineffective assistance claim on direct appeal." (*Id.* at 5 (quoting *Shepard v. United States*, 533 A.2d 1278, 1281 (D.C. 1987) ("'Where a defendant has failed to raise an available challenge to his conviction on direct appeal, he may not raise that issue on collateral attack unless he shows both cause for his failure to do so and prejudice as a result of his failure.'") (citation omitted)).) With respect to the potentially exculpatory witness, the court concluded that the lawyer did not act deficiently in failing to discover the individual and, regardless, the witness' testimony was actually inconsistent with Reyes' assertions of innocence at trial. (*Id.* at 6-7.)

On April 18, 2002, Reyes moved for reconsideration of the court's order, arguing again that his trial counsel acted deficiently in failing to discover the witness and alleging that he had failed to raise ineffectiveness on appeal only because he had been improperly advised by his appellate counsel to withhold the claims. (Resp.'s Opp'n Ex. A.) Reyes' motion was again denied without a hearing, the trial court concluding, *inter alia*, that the tactical advice of Reyes' appellate counsel did not constitute the "objective factor external to the defense" required to

2

demonstrate sufficient cause for failing to raise ineffectiveness on direct appeal. (Resp.'s Opp'n Ex. B at 6.)

Reyes appealed the denial of this second Section 23-110 motion to the District of Columbia Court of Appeals, which affirmed in a January 24, 2005 opinion. (Pet. Ex. 3.) Concluding that Reyes may have satisfied the "cause" requirement "[i]f . . . his appellate counsel discouraged him from pursuing his ineffective assistance of counsel claims during his direct appeal," the Court of Appeals proceeded to review the claims on their merits. (Pet. Ex. 3 at 2.) The absence of a withdrawal instruction, the court held, was not prejudicial to Reyes as there was no evidence in the case that he had taken the necessary steps to "fully and completely disassociate himself from the murder while there was still time to prevent it." (*Id.* at 3.) Similarly, the court found that the testimony of the witness did not meet the standard for demonstrating withdrawal from a criminal venture, and therefore even if the witness had testified, withdrawal instructions would not have been warranted. (*Id.*)

Reyes filed the present petition on January 25, 2006.

## ANALYSIS

Under Section 23-110 of the D.C. Code, a District of Columbia prisoner seeking to collaterally attack his conviction or sentence must do so by filing a motion in the Superior Court and, if there unsuccessful, appealing to the District of Columbia Court of Appeals. *See* D.C. Code § 23-110(a) ("A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that . . . the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia . . . may move the court to vacate, set aside, or correct the sentence."); *id.* § 23-110(f). To the extent that a Section 23-110 remedy is available, it is exclusive:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [Section 23-110] shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under [the section] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* § 23-110(g).  As the D.C. Circuit has emphasized, Congress' passage of Section 23-110 "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a . . . remedy available to them [under the provision], unless the petitioner could show that the . . . remedy was 'inadequate or ineffective[.]'"  *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998); *see also Swain v. Pressley*, 430 U.S. 372, 375 (1977) (characterizing Section 23-110 as an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court").

Based on this standard, this Court cannot consider the instant petition.  Reyes contends that his conviction is the unconstitutional product of a trial at which he was denied the effective assistance of counsel because his lawyer failed to provide the court with a withdrawal instruction and to locate a potentially exculpatory witness.  (Pet.'s Mem. in Supp. at 8-9.)  He also alleges that his appellate counsel performed deficiently in failing to raise the ineffectiveness of his trial lawyer on appeal, thereby forfeiting his right to present the issue in a collateral proceeding.  (*Id.* at 6, 9-10).  Reyes has failed to demonstrate, however, that the remedy available to him under Section 23-110 was "inadequate or ineffective" to challenge his conviction.  *See* D.C. Code § 23-110(g).

As evidenced by the underlying proceedings, Section 23-110 provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel. While the Superior Court was without authority to determine the effectiveness of Reyes'

4

appellate counsel in handling the ineffectiveness issue on appeal, *see Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc) (noting that trial judges may not review appellate proceedings under Section 23-110 as "the Superior Court should not have authority to rule on the constitutionality of an appellate proceeding"), this does not support the requisite finding of inadequacy.  In the District of Columbia, challenges to the effectiveness of appellate counsel are properly raised through a motion to recall the Court of Appeals' mandate.  *Id*.; *see also* D.C. App. R. 41(c).  Through the filing of such a motion, Reyes could have attempted to establish cause for his failure to raise the ineffectiveness of his trial counsel on direct appeal, thereby reviving the claims.  *See Mayfield v. United States*, 659 A.2d 1249, 1251-53 (D.C. 1995) (a claim of ineffective appellate counsel must be pursued through a motion to recall the mandate in order to establish cause for a procedural default).  Even if petitioner has failed to file a motion to recall the mandate, the availability of such a course precludes the finding of inadequacy or ineffectiveness required to support his petition in this Court.  *See Collier v. United States*, 1999 WL 1336229, *1 (D.C. Cir. 1999) (per curiam) (noting that "a motion to recall mandate . . . is an appropriate collateral procedure for presenting an ineffective assistance of appellate counsel claim" and holding that appellant had failed demonstrate that the remedy was inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (Section 23-110 remedy not rendered inadequate or ineffective as a result of the petitioner's inability to raise an issue brought before the Court of Appeals); *Streater v. Jackson*, 691 F.2d 1026, 1028 (D.C. Cir. 1982) (directing petitioner complaining of ineffective assistance of appellate counsel to file a motion to recall the Court of Appeals' mandate).

   Moreover, in reviewing the Superior Court's denial of Reyes' second Section 23-110 motion, the District of Columbia Court of Appeals assumed for purposes of argument that his

appellate counsel had caused the default, and addressed his ineffective assistance of trial counsel claims on their merits. (*See* Pet. Ex. 3 at 2-3.) The Court of Appeals concluded that the claims were without merit, but this does not provide a basis for arguing that the local remedy was an inadequate or ineffective one. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (noting, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy") (internal quotations omitted); *Perkins v. Henderson*, 881 F.Supp. 55, 59 n.5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by . . . § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

## CONCLUSION

Accordingly, as the Court is unable to entertain Reyes' petition under D.C. Code § 23-110(g), it must be denied.

      s/        
ELLEN SEGAL HUVELLE  
United States District Judge

Date: May 23, 2006